UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SHERIFF HERNANDEZ M3C, et al.,<br><br>Defendants. | Case No. 25-cv-01887-SVK<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING IFP APPLICATION AND SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e); ISSUING *SUA SPONTE* REFERRAL FOR PURPOSES OF DETERMINING CASE RELATIONSHIP**<br><br>Re: Dkt. Nos. 13, 16, 19 |

On February 21, 2025, self-represented plaintiff Orlando Sanchez de Tagle filed a Section 1983 complaint for damages against the Santa Clara County Sherriff Department, alleging violation of the Eighth Amendment. Dkt. 1 (the "Original Complaint"). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 3. On March 27, 2025, the Court denied Plaintiff's IFP application without prejudice due to missing information and screened the Original Complaint due to deficiencies, on the face of the complaint, with the defendants sued by Plaintiff. Dkt. 5 at 2-4 ("First IFP Order"). After the First IFP Order, Plaintiff amended his complaint and filed an essentially unchanged IFP application. Dkt. 13 ("FAC" or "First Amended Complaint"); Dkt. 10 ("Second IFP Application"). When the Court again denied Plaintiff's IFP application without prejudice, (Dkt. 15), he filed a third IFP application (the operative application) providing additional information as requested by this Court. Dkt. 16 ("Third IFP Application").

On July 17, 2025, the Court denied Plaintiff IFP status on the merits, finding that, considering his monthly income minus monthly expenses, he had "roughly $743 … available beyond his expenses every month" and could pay the filing fee. Dkt. 17 ("Third IFP Order"). On

August 13, 2025, Plaintiff filed a "Request to Clarify Forma Pauperi," providing additional facts as to Plaintiff's financial status, which this Court construed as a motion for reconsideration (the "Request").  Dkts. 19-20.  Now, considering the Request, Plaintiff's Third IFP Application, the relevant law and the record in this action, the Court **GRANTS** the Request, **GRANTS** the Third IFP Application and **SCREENS** the First Amended Complaint according to 28 U.S.C. § 1915(e).

**I.      PLAINTIFF'S MOTION FOR RECONSIDERATION**

At the outset, this District's local rules permit reconsideration upon a showing of one of three criteria:  (1) "a material difference in fact or law exists from that which was presented to the Court," so long as the moving party shows that he or she "did not know such fact or law" despite exercising reasonable diligence;  (2) the "emergence of new material facts or a change in law … after the time of" the order;  or (3) a "manifest failure by the Court to consider material facts or dispositive" law despite being presented with such.  Civ. L.R. 7-9(b).  Here, Plaintiff's Request does not meet criteria (2) or (3);  the facts Plaintiff seeks to present are not "new," nor were they presented to the Court previously.  *See* Dkts. 3, 10, 16.  Nor does the Request satisfy the first option, as Plaintiff undoubtedly knows his own financial circumstances and cannot show reasonable diligence in bringing them to the Court's attention belatedly.

Nonetheless, "[t]he Court's determination that [Plaintiff's] … proffer is not 'newly-discovered' does not foreclose it from exercising its discretion and reconsidering its prior ruling.  "The Court's Local Rules must be construed 'to promote the just, efficient, speedy, and economical determination of every action and proceeding.'"  *United States v. Quintanilla*, No. 09-cr-01188-SBA, 2011 WL 4502668, at *7 (N.D. Cal. Sept. 28, 2011) (quoting Civ. L.R. 1-2(b)).  Considering Plaintiff's *pro se* status, the provision that the District's Local Rules be construed to promote justice and "to avoid manifest injustice," (*id.*), the Court exercises its discretion to **GRANT** the Request and consider the additional financial information provided therein.

////

////

////

////

## II. PLAINTIFF'S NOW-CLARIFIED THIRD IFP APPLICATION

In his Request, Plaintiff:

- Confirms that his income is $1,543.93 per month from military compensation;
- Clarifies that his reported larger military compensation and annuity payments were both "one-time payment[s]" and explains that both have been spent in order to "pay [his] way through college, achieving [his] Bachelor's degree." Dkt. 19 at 1; *see also* Dkt. 17 at 2 ("It [was] not clear to the Court whether either the $17,451.06 amount or the $20,861.34 amount were lump sums that have already been spent.");
- Crucially, for the first time, submits information as to his monthly expenses for rent and utilities: $490 / month in rent, a PG&E bill of approximately $73.68 / month, renters insurance for $13.99 / month, and other utility bills of roughly $230 / month; (compare Dkt. 19 at 1-2 *with* Dkt. 16 at 3); and
- Provides other details as to financial debts and obligations.

Considering this new information, the Court revises its decision and finds that, after necessary monthly expenses, Plaintiff has no more than $140 available every month ($1543.93 - $490 - $73.68 - $13.99 - $230 - $600 (food)). This is far below the cases, previously cited by the Court, finding surplus income of $655 or $819 to be sufficient. *Contra* Dkt. 17 at 2-3. Accordingly, the Court now finds Plaintiff meets the financial eligibility requirement of 28 U.S.C. § 1915(a)(1) and **GRANTS** Plaintiff's IFP application.

## III. PLAINTIFF'S FIRST AMENDED COMPLAINT

In the First IFP Order, the Court screened Plaintiff's complaint and found that it failed to state a claim against the Santa Clara County Sherrif Department as pleaded. Dkt. 5 at 2-4. The Court explained that, upon amendment, Plaintiff must either: "allege facts making it plausible that the Santa Clara County Sherriff Department proximately caused his injury, including reference to a relevant policy, practice or custom" sufficient to state a *Monell* claim or "must name the officials who allegedly violated his Eighth Amendment rights, not the Department as a whole." Dkt. 5 at 3-4 (citing, *inter alia*, *Monell v. Dep't of Soc. Servcs. of N.Y.*, 436 U.S. 658, 690-91 (1978)).

Plaintiff's FAC now alleges violations of his rights by individual officers: Santa Clara

3

County Sheriff Hernandez M3C and two unknown "Santa Clara County Sherrif Doe" defendants. *See* FAC at 3. It also expands his claims to encompass Fourth Amendment claims for excessive force. *See, e.g.*, FAC, ¶ 25-26. The Court finds that, liberally construed, Plaintiff has alleged sufficient facts to make plausible that he was deprived of his constitutional right to medical care under the Eighth Amendment and that he was subjected to excessive force in violation of the Fourth Amendment.

**IV.   *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING CASE RELATIONSHIP**

In examining the amended allegations, the Court notes that the Honorable P. Casey Pitts has screened claims nearly identical to those alleged in Plaintiff's FAC. *See De Tagle v. Santa Clara County Sheriff*, No. 24-cv-556-EKL, Dkt. 11 at 3-6 (dismissing ADA claim but permitting medical needs claim and excessive force claim to move forward) (later reassigned to the Honorable Eumi K. Lee). Particularly in light of Plaintiff's additional allegations identifying Sherrif Hernandez, the Court believes that this case may be related to Case No. 5:24-cv-00556-EKL, *De Tagle v. Santa Clara County Sheriff*. In accordance with Civil. L.R. 3-12(c), **IT IS ORDERED** that this case is referred to Judge Lee to determine whether the cases are related.

**V.   CONCLUSION**

The Court **GRANTS** Plaintiff's Third IFP Application and has screened Plaintiff's FAC. Furthermore, the court **ORDERS** that this case be referred to the Judge Lee to determine whether the cases are related. *See, supra*, § IV.

However, for the sake of judicial economy, the Court will refrain from ordering service of Mr. de Tagle's complaint at this time, pending a determination by Judge Lee as to whether these cases are related.

**SO ORDERED.**

Dated: September 19, 2025

SUSAN VAN KEULEN
United States Magistrate Judge